IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Baltimore District Office 10 S. Howard Street, 3rd Floor Baltimore, Maryland 21201<br><br>Plaintiff,<br><br>v.<br><br>LIFE TECHNOLOGIES CORPORATION FKA INVITROGEN, 7302 Governor's Way Frederick, Maryland 21074<br><br>Defendant. | WMN 09 CV 2569<br><br>Civil Action No.<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act ("The ADA") of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Douglas Scrivnor, a profoundly deaf employee, who was adversely affected by such practices. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Life Technologies Corporation FKA Invitrogen (hereinafter "Defendant" or "Life Technologies") unlawfully discriminated against Scrivnor by failing to reasonably accommodate his disability, profound deafness. As a result of Defendant's failure to reasonably accommodate his disability, Scrivnor was and continues to be denied equal benefits and privileges of employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. Section 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1),(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I and Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Life Technologies, has continuously been a Maryland corporation, doing business in the State of Maryland and the City of Frederick and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g),(h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 1211(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Douglas Scrivnor filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Beginning on approximately May 26, 2006 and continuing until the present, Defendant has engaged in unlawful employment practices at its facility in Frederick Maryland, in violation of Sections 102(a) and 102(b)(5)(A) of Title I of the ADA, 42 U.S.C. §§ 12112(a), 12112(b)(5)(A), as follows:

   a.  Douglas Scrivnor is employed by Defendant as a materials handler, whose primary job duty is to fill orders for Defendant's biological products. Scrivnor, a profoundly deaf individual, has at all times relevant been a qualified individual with a disability within the meaning of the ADA;

   b.  Scrivnor has repeatedly requested from Defendant that it provide a sign language interpreter for significant job-related functions and events;

   c.  Despite Scrivnor's requests, Defendant has refused to reasonably accommodate him by failing to provide for him sign language interpreters for significant job-related functions and events, including but not limited to initial job training, and performance, departmental, company wide or safety meetings on subjects such as ladder safety, ergonomics, voluntary protection programs, leadership, biological materials, incident reporting, carbon dioxide, forklifts and hazards in distribution; benefits and the status of the corporation; and

   d.  Of approximately 193 meetings which Scrivnor has been required to attend since his hire in May, 2006, Defendant has provided an interpreter just 18 times.

9. The effect of the practices complained of above has been to deprive Douglas Scrivnor, a qualified individual with a disability, of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Douglas Scrivnor.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of a disability;

B. Grant a permanent injunction enjoining Defendant from holding trainings and meetings of employees, in which Douglas Scrivnor is eligible to participate, without providing an ASL interpreter;

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, prevent retaliation against persons who have participated in statutorily protected activities, and eradicate the effects of its past and present unlawful employment practices;

D. Order Defendant to make whole Douglas Scrivnor by providing compensation for non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in an amount to be proven at trial;

4

E.  Order Defendant to implement non-discriminatory, objective, written policies and practices regarding the terms and conditions of employment and sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA, and that it will not take any action against employees because they have exercised their rights under that statute;

F.  Order Defendant to pay Douglas Scrivnor punitive damages for its callous indifference to his federally protected right to be free from discrimination based on disability in the workplace;

G.  Grant such further relief as the Court deems necessary and proper; and

H.  Award the Commission its costs in this action.

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES L. LEE
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney (Acting)

MARIA SALACUSE
Supervisory Trial Attorney
Federal Bar No. 15562

ERIC S. THOMPSON
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2322 (phone)
(410) 962-4270 (fax)